16-2852-cv
Dixon v. A Better Way Wholesale Autos

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 28th day of June, two thousand seventeen.

Present:     GUIDO CALABRESI,
             ROSEMARY S. POOLER,
                         *Circuit Judges*.
             EDGARDO RAMOS,[1]
                         *District Judge*.

_____

KAREN DIXON,

                    *Plaintiff-Appellee*,

              v.                                              16-2852-cv

A BETTER WAY WHOLESALE AUTOS, INC.,

                    *Defendant-Appellant*.

_____

Appearing for Appellant:     Kenneth A. Votre, Ridgefield, CT.

Appearing for Appellee:      Brian L. Bromberg (Jonathan R. Miller, *on the brief*), Bromberg Law Office, P.C., New York, NY.

                             Daniel S. Blinn, Consumer Law Group, LLC, Rocky Hill, CT.

---

[1] Judge Edgardo Ramos, United States District Court for the Southern District of New York, sitting by designation.

Appeal from the United States District Court for the District of Connecticut (Thompson, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Defendant-appellant A Better Way Wholesale Autos, Inc. ("ABW") appeals from the July 22, 2016 order of the United States District Court for the District of Connecticut (Thompson, *J.*), denying ABW's motion for relief from the court's judgment entered in favor of plaintiff-appellee Karen Dixon after Dixon prevailed in an arbitration proceeding. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

ABW contends that it should be relieved from the district court's entry of judgment in Dixon's favor. ABW's position is that judgment was entered because ABW failed to respond to Dixon's motion seeking judgment, and that the failure to respond was the result of "excusable neglect." Appellant's Br. at 5.

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . excusable neglect." Fed. R. Civ. P. 60(b)(1). The term "'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993).

To determine whether neglect was "excusable," we consider the following factors: "(1) the danger of prejudice to the [non-movant], (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Padilla v. Maersk Line, Ltd.*, 721 F.3d 77, 83 (2d Cir. 2013) (quoting *Silivanch v. Celebrity Cruises, Inc.,* 333 F.3d 355, 366 (2d Cir. 2003)). "Our Circuit focuses closely on the third . . . factor: the reason for the delay, including whether it was within the reasonable control of the movant." *Id.* "[C]ourts are generally reluctant to recognize attorney error as a basis for relief from an order or judgment." *Gomez v. City of N.Y.*, 805 F.3d 419, 423 (2d Cir. 2015). In particular, "failure to follow the clear dictates of a court rule will generally not constitute . . . excusable neglect." *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997). "We review district court rulings on Rule 60(b) motions for abuse of discretion." *ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 109 (2d Cir. 2012).

ABW fails to demonstrate that the district court abused its discretion in ruling that the neglect was inexcusable. First, ABW's arguments do not demonstrate that the "reason for the delay" justifies excuse. ABW provides a minimal and vague explanation of the technical details that prevented its counsel from seeing a number of emails from the court and its opposing counsel, any of which would have made clear that Dixon's motion for judgment was pending. ABW's counsel does not dispute that his email address was enrolled to receive notifications from the court's electronic filing system. Exactly how or why the emails did not reach him, or why his staff deleted emails from the court, is mysterious.

Moreover, in November of 2015, long before any problems arose with counsel's technology, and before his junior staff departed, the district court ordered the parties to submit a status report by March 31, 2016. Dixon's counsel states that he emailed ABW's counsel three times regarding the filing of the status report. Not only did ABW's counsel fail to respond to these emails, but he did not independently file a status report. If he had complied with the court's order to file a status report, and had checked the case's docket in doing so, he would have seen that a motion for judgment was pending at that time. No explanation is provided for the failure to comply with the court's earlier order. That failure bespeaks an oversight greater than "excusable neglect."

Additionally, there is serious doubt as to whether ABW has acted "in good faith" in its litigation strategy. ABW has only one argument as to why judgment should not be entered in Dixon's favor following arbitration, and the district court described ABW's argument as "a gross mischaracterization of the record of the arbitration." Appellant's Supp. App'x 385. ABW claims that the arbitrator, in an interim award, determined that Dixon was not entitled to damages, and closed all evidence in the proceedings, but that later, the arbitrator violated his own interim award by accepting Dixon's additional evidence and granting damages based on that evidence. No reasonable attorney could read the arbitrator's interim decision as ABW suggests. As the arbitrator later explained to ABW, the interim decision stated that Dixon was entitled to damages, but reserved decision as to the extent of those damages. The decision nowhere states that further submissions from the parties are prohibited, and, to the contrary, specifically requests additional information as to the extent of Dixon's damages. Moreover, the arbitrator sent a notice declaring the date that evidence was closed, and that date was after Dixon's submission of materials regarding damages. Although the record is not clear enough to show that ABW filed its frivolous challenge simply to delay execution of the judgment, the record does not require the contrary conclusion.

For similar reasons, granting the relief ABW seeks would prejudice Dixon by requiring her to respond to motions that are clearly not meritorious. And because of the timing of ABW's delay—immediately before the entry of final judgment—the delay created a significant impact on the proceedings below, given that the district court could otherwise have dispatched with ABW's motions quickly in a pre-judgment order. Remanding for additional consideration of ABW's meritless arguments would cause greater impact still.

We have considered the remainder of ABW's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED. ABW is to bear the costs of the appeal.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3