Gottlieb v. SEC

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of January, two thousand eighteen.

PRESENT:
> DENNIS JACOBS,
> REENA RAGGI,
> PETER W. HALL,
> > Circuit Judges.

_____

Phyllis Gottlieb,

> Plaintiff-Counter-Defendant-
> Appellant,

> v.                                                                16-3663

U.S. Securities and Exchange Commission,

> Defendant-Counter-Claimant-
> Cross-Defendant-Appellee,

**First American Title Insurance Company,**

**Defendant-Third-Party-Plaintiff-**
**Cross-Claimant-Counter-Claimant,**

**United States Internal Revenue Service,**

**Third-Party-Defendant.**

_____

| | |
|---|---|
| **FOR APPELLANT:** | Alexander E. Eisenmann, Law Office of Alexander Eisenmann, New York, N.Y. |
| **FOR APPELLEE:** | Theodore J. Weiman, Senior Litigation Counsel (Michael A. Conley, Solicitor, <u>on the brief</u>), Securities and Exchange Commission, Washington, D.C. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Preska, <u>J</u>.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Phyllis Gottlieb ("Gottlieb") appeals from the district court's judgment dismissing her civil suit against the Securities and Exchange Commission ("SEC") and First American Title Insurance Company ("First American"). In 2003, the SEC obtained a securities fraud judgment against Gottlieb's husband, Allen, for over $2 million. <u>See</u> <u>SEC v. Stewart</u>, No. 98-cv-2636(LAP) (S.D.N.Y. Jan. 21, 2003). To date, Allen Gottlieb has made no voluntary payments towards satisfying the judgment, and the SEC has attempted to collect on the judgment from his assets. While the judgment against Allen Gottlieb was outstanding, Phyllis Gottlieb sold a family home in Florida, and First American held the proceeds. After ascertaining that Allen Gottlieb was the true owner of the home, the SEC sought turnover of the funds. In response, Phyllis

Gottlieb filed the suit at issue here in Florida state court, seeking to obtain the funds from the home sale. The action was removed to the Southern District of Florida, and then transferred to the Southern District of New York. In the Southern District, Gottlieb failed to comply with three court orders to appear for a deposition in Miami. The SEC moved for sanctions pursuant to Federal Rule of Civil Procedure 37, and Gottlieb, through counsel, agreed that dismissal of the suit was an appropriate remedy. Gottlieb now appeals from that dismissal. She argues on appeal that the district courts erred by transferring and later dismissing her suit, and that Judge Preska was biased. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review venue transfer decisions and the imposition of Rule 37 sanctions for abuse of discretion. Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009) (Rule 37 sanctions); D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 105 (2d Cir. 2006) (venue transfer). Upon review, we conclude that the district courts properly transferred the action to the Southern District of New York, and dismissed the action pursuant to Rule 37.

A district court may, "[f]or the convenience of parties and witnesses, in the interest of justice," transfer a civil action to any district where it might have been brought. 28 U.S.C. § 1404(a). District courts possess broad discretion under § 1404(a), and consider factors such as:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties.

D.H. Blair & Co., Inc., 462 F.3d at 106-07 (alteration in original). Here, the New York forum was more convenient for the SEC; First American did not object; all the parties had to appear in New York in Stewart; and the convenience of the Florida forum for Gottlieb was diminished by the fact that she had moved, first to the Bahamas, and then to Brazil. Furthermore, the "first-filed rule" provides a

presumption in favor of the Southern District of New York, where litigation over the funds from the Gottliebs' home sale was first initiated.   See N. Y. Marine & Gen. Ins. Co. v. Lafarge N.A., Inc., 599 F.3d 102, 112 (2d Cir. 2010).

As to the Rule 37 sanction of dismissal, Gottlieb, through counsel, agreed that dismissal was a proper sanction.   She is bound by her concession.   See Gomez v. City of New York, 805 F.3d 419, 424 (2d Cir. 2015) (a client is generally bound by the acts of her attorney).   The presumption that the attorney speaks for the client is rebuttable when an attorney undertakes settlement or dismissal on the client's behalf.   Id.   However, Gottlieb does not argue that her attorney acted without her authority when he agreed that dismissal was an appropriate remedy.

Finally, we review for plain error a district court judge's refusal to recuse herself sua sponte.   United States v. Carlton, 534 F.3d 97, 100 (2d Cir. 2008).   A judge must recuse from "any proceeding in which h[er] impartiality might reasonably be questioned" by an objective observer.   SEC v. Razmilovic, 738 F.3d 14, 29 (2d Cir. 2013) (alteration in original) (quoting 28 U.S.C. § 455(a)).   Claims of judicial bias generally must be based on extrajudicial matters.   See Chen v. Chen Qualified Settlement Fund, 552 F.3d 218, 227 (2d Cir. 2009) ("[A]dverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality.").   Gottlieb's principal argument (that Judge Preska was biased because of her involvement with Stewart) does not raise any question of Judge Preska's impartiality for an objective observer.   Other than dismissal of this case, Gottlieb does not suggest that Judge Preska made any statements or took any actions exhibiting bias; and the dismissal (as explained above) was clearly within Judge Preska's discretion.   Gottlieb's argument that she had no opportunity to object to Judge Preska's appointment is unavailing because Gottlieb could have moved for recusal at any time and chose not to.

We have considered Gottlieb's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4