17-1867-cv
*Mpala v. Gateway Community College*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of April, two thousand eighteen.

PRESENT:
> ROBERT D. SACK,
> PETER W. HALL,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges.*

_____

Zee Wee Dakar Mpala, (Moorish Amn.),

> Plaintiff - Appellant,

v.                                                              17-1867

Gateway Community College, Official Capacity,
Dorsey L. Kendrick, Afro Amn., President of Gateway,
Individual Capacity, Clara Ogbaa, Nigerian Amn.,
Chief Librarian, Individual Capacity, Cary Broderick,
Jim Buccino, Italian Amn., Instructor, Individual Capacity,

> Defendants - Appellees.

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Zee Wee J. Mpala, pro se, New Haven, CT. |
| **FOR DEFENDANTS-APPELLEES:** | Mary K. Lenehan, Assistant Attorney General, *for* George Jepsen, Attorney General, Hartford, CT. |

Appeal from an order of the United States District Court for the District of Connecticut (Covello, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the June 12, 2017 order of the district court is **AFFIRMED**.

Appellant Zee Wee Mpala, proceeding pro se, appeals from the district court's order denying his March 2017 motions for sanctions and for reconsideration of the denial of his earlier Federal Rule of Civil Procedure 60(b) motion to reopen the judgment dismissing his 42 U.S.C. § 1983 complaint. Mpala, pro se, sued Gateway Community College ("Gateway") and Gateway's President Dorsey Kendrick, Chief Librarian Clara Ogbaa, Police Officer Cary Broderick, and Instructor Jim Buccini under § 1983, alleging that they violated his rights when they banned him from Gateway's library. Mpala subsequently obtained counsel and amended his complaint to allege only that Broderick and Buccini violated his right to equal protection. The district court dismissed his complaint, Mpala obtained a new attorney, and judgment was entered. Not until one year later did Mpala, through his new counsel, move to reopen the judgment pursuant to Rule 60(b). The district court denied the motion. Mpala, pro se, then moved for reconsideration of that decision, arguing that the district court had reached the wrong decision and that his second attorney was ill. He also moved for sanctions because the defendants had not preserved library surveillance footage. The district court denied those motions. Mpala appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review for abuse of discretion the denial of both a Rule 60(b) motion and a motion for sanctions. *Gomez v. City of New York*, 805 F.3d 419, 423 (2d Cir. 2015) (per curiam) (Rule 60(b)); *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001) (sanctions). We may

affirm on any ground supported in the record.  *Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 405 (2d Cir. 2006).

Here, the district court did not abuse its discretion by concluding that Mpala's arguments that it had reached the wrong decision and that Mpala's attorney was ill did not demonstrate "extraordinary circumstances" to warrant relief under Rule 60(b).  *See* Fed. R. Civ. P. 60(b)(6); *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012).  Mpala, moreover, did not demonstrate that he was prejudiced by the defendants' alleged failure to preserve surveillance footage.  *See* Fed. R. Civ. P. 37(e).  His case was dismissed based solely on the pleadings.

We have considered Mpala's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the June 12, 2017 order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court