16-3445-cv
*Mpala v. Hartford Public Library*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10ᵗʰ day of April, two thousand eighteen.

PRESENT:
    **ROBERT D. SACK,**
    **PETER W. HALL,**
    **CHRISTOPHER F. DRONEY,**
        *Circuit Judges*.

---

**Zeewe Dakar Mpala, Moorish Amn.,**

*Plaintiff-Appellant*,

v.                                                             No. 16-3445-cv

**Pedro Segarra, Mayor of Hartford, Puerto Rican Amn., Individual & Official Capacities, Matthew Poland, CEO of the Hartford Public Library, Polish Amn., Individual & Official Capacities,**

*Defendants-Appellees*,

**Hartford Public Library, Official Capacity, City of Hartford, Official Capacity,**

*Defendants*.

---

**FOR PLAINTIFF-APPELLANT:**         Zee Wee D. Impala, *pro se*, New Haven, CT.

**FOR DEFENDANTS-APPELLEES:**        Jonathan H. Beamon, Senior Assistant
                                     Corporation Counsel, Hartford, CT.

Appeal from an order of the United States District Court for the District of Connecticut (Hall, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Zee Wee Mpala, proceeding *pro se*, appeals from the district court's order denying his motion for relief under Federal Rule of Civil Procedure 60(b). Mpala, *pro se*, sued the City of Hartford ("the City"), the Hartford Public Library ("the Library"), Hartford Mayor Pedro Segarra, and Library CEO Matthew Poland pursuant to 42 U.S.C. § 1983, alleging that they violated his constitutional rights by ejecting him from the Library. Mpala later obtained counsel and amended his complaint to allege only the violation of his First Amendment rights. Through counsel, Mpala later stipulated to dismissal with prejudice, and judgment was entered. Mpala obtained a new attorney that same month. Exactly one year after judgment was entered, Mpala moved to reopen the judgment under Rule 60(b)(1) or (b)(6), arguing that a miscommunication or disconnect caused his first attorney to omit meritorious claims from his complaint and to stipulate to dismissal with prejudice even though Mpala had instructed him to stipulate to dismissal without prejudice. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the district court's denial of a Rule 60(b) motion for abuse of discretion. *Gomez v. City of New York*, 805 F.3d 419, 423 (2d Cir. 2015) (per curiam). At the outset, we decline to consider Mpala's new arguments, asserted for the first time on appeal, that he was entitled to a hearing with respect to his first attorney's competency and an evidentiary hearing concerning his second attorney's legal representation. *See Harrison v. Republic of Sudan*, 838 F.3d 86, 96 (2d Cir. 2016).

2

With respect to Mpala's Rule 60(b) motion, we conclude that the district court did not abuse its discretion in denying it. The district court properly concluded that the motion arose under Rule 60(b)(1), not Rule 60(b)(6). *See Nemaizer v. Baker*, 793 F.2d 58, 62–63 (2d Cir. 1986). Furthermore, although the motion was filed just within one year of the judgment, Mpala offered no explanation for why he waited until the end of that full year to file. Under those circumstances, the motion was not filed within a "reasonable time," s*ee* Fed. R. Civ. P. 60(c)(1); *Amoco Overseas Oil Co. v. Compagnie Nationale Algerienne de Navigation ("C.N.A.N.")*, 605 F.2d 648, 656 (2d Cir. 1979), and was therefore untimely.

We have considered Mpala's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3