14-3583

Gomez v. City of New York

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2015

(Submitted: October 28, 2015        Decided: November 5, 2015)

Docket No. 14-3583

_____

MANUEL GOMEZ,

*Plaintiff-Appellant*,

—v.—

CITY OF NEW YORK,

*Defendant-Appellee*.

NEW YORK CITY POLICE DEPARTMENT,

*Defendant*.

_____

B e f o r e:

KATZMANN, *Chief Judge*, POOLER and CHIN, *Circuit Judges*.

1

_____

Following entry of final judgment, appeal from an order of the district court (Sullivan, *Judge*), which denied the plaintiff's motion for relief from a stipulation dismissing most of his claims. We hold that the district court abused its discretion by failing to hold an evidentiary hearing to examine the plaintiff's assertion that his attorney lacked authority to stipulate to a dismissal of his claims. We therefore VACATE the district court's judgment and its order denying relief from the stipulation of dismissal and REMAND for further proceedings.

_____

CHUKWUEMEKA NWOKORO (John A. Scola, Jr., *on the brief*), New York, New York, *for Plaintiff-Appellant*.

DIANA LAWLESS, Assistant Corporation Counsel (Richard Paul Dearing, Assistant Corporation Counsel, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, New York, *for Defendant-Appellee*.

_____

PER CURIAM:

On April 11, 2013, Trevor A. Reid, who at that time was counsel for Plaintiff-Appellant Manuel Gomez, signed a stipulation dismissing most of his client's claims against Defendant-Appellee City of New York. The U.S. District Court for the Southern District of New York (Sullivan, *Judge*) so-ordered the stipulation later that day. Six days later, Gomez filed a pro se motion and attached letter asking the court to "reopen" his case because his attorney had filed the stipulation without his knowledge or consent. App. 29. The district court

2

construed the request as a motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Without holding an evidentiary hearing or otherwise receiving additional submissions from the parties, the district court denied the motion, relying principally on the proposition that each party is deemed bound by the acts of his or her lawyer-agent under our system of representative litigation. While this proposition is generally true, it does not end the inquiry. Rather, the decision to settle a case rests with the client, and although we presume that an attorney-of-record has authority to settle a case, this is a rebuttable presumption. Here, Gomez's motion raised a factual dispute concerning his attorney's authority to stipulate to a dismissal of his claims. Accordingly, it was necessary to hold an evidentiary hearing to address this dispute.

## BACKGROUND

Gomez is a former officer with the New York City Police Department ("NYPD") who filed a pro se complaint in the Southern District of New York on August 21, 2012. Gomez's complaint describes an off-duty incident that occurred on August 27, 2009, and it alleges that, after several individuals attacked Gomez, NYPD officers arrested him, detained him for five days, and denied him access to

3

medical care for his three broken ribs. Gomez's complaint further alleges that the Bronx County District Attorney's Office dismissed the criminal charges against him stemming from the arrest but that the NYPD held an administrative hearing and fired him based on the same incident.

In early 2013, Gomez hired Reid to represent him in his civil action. Gomez explains on appeal that he hired Reid because Gomez was deploying to Afghanistan and feared that he would be unable to prosecute the action on his own while overseas. On March 15, 2013, Reid filed on Gomez's behalf an amended complaint, which is consistent with his pro se complaint but contains additional factual detail and legal claims. Gomez's amended complaint contends that the City's agents acted with the specific intent to deprive him of his constitutional rights to due process and equal protection under the Fourth, Fifth, and Fourteenth Amendments, 42 U.S.C. §§ 1983 and 1985, and 18 U.S.C. § 245, asserting the following violations: illegal confinement and imprisonment; physical assault, physical abuse, coercion, and intimidation; illegal termination of his property rights of employment; illegal identification procedures; lack of timely and effective investigation; denial of legal representation; false arrest; and illegal search and seizure.

4

On April 11, 2013, less than one month after Reid filed Gomez's amended complaint, Reid signed a stipulation and order of dismissal that dismissed with prejudice substantially all of Gomez's claims.[1] The district court so-ordered the stipulation the same day that it was signed. The following day, April 12, 2013, the district court held an initial pretrial conference with Gomez, Reid, and attorneys for the City. At that conference, the district court granted Gomez leave to file an amended complaint, presumably limited to the employment claims that the stipulation did not affect.[2]

On April 17, 2013, just five days after the initial pretrial conference, Gomez filed a pro se "notice of motion for reconsideration and withdraw[a]l of attorney" in which he states:

---

[1] The stipulation provides: "Plaintiff agrees to dismiss, with prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), all claims of false arrest, malicious prosecution, excessive force, abuse of process, denial of a fair trial, denial of medical treatment, and any other claim related to plaintiff's arrest on August 27, 2009 and subsequent detention and prosecution, raised in this matter against all defendants, whether served or not, and against all individuals who could have been named in regard to those claims, including: the City of New York, the New York City Police Department, and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel . . . ." App. 27–28. The record does not indicate that Gomez received any consideration for agreeing to the dismissal.

[2] Specifically, "the stipulation [did] not affect any possible claims related to plaintiff's previous employment with the [NYPD]." App. 28.

Please refer to attached letter. Request reopen of court case because my attorney filed a stipulation and order of dismissal without my knowledge or my consent. And at no time did explain to me his actions. I have filed a letter explaining everything dated 4-16-2013 with the pro se office.

App. 29. As indicated in this notice, Gomez filed an attached letter that details the reasons for his motion to "reopen" and "withdraw[]" counsel. Among other things, that letter states:

I respectfully write you this **urgent letter** to inform you of the grave injustice that was done to me while in conference with you in your chambers. I just returned back from Afghanistan and only been home for couple weeks. The day I went to your court was the first time I saw my attorney in a few months. I was totally unaware that my attorney wrote a document called a STIPULATION AND ORDER OF DISMISSAL. That document was never shown to me before going into your chambers, and I was totally unaware of its existence! . . . While I was in your Chambers I heard the Corp Counsel, my attorney, and you discuss the dismissal of 1983 claims but I did not understand or know what that meant. If I knew the conversation was talking about throwing out all my claims I would have objected immediately . . . . You're Honor I respectfully request in the interest of justice that the Stipulation and Order of Dismissal be deemed a Nullity and Voided. On the fact it was generated without my consent or knowledge and that makes that document not legal. My lawyer did not have my permission to dismiss all my claims . . . .

ECF No. 21.[3] Six days after Gomez filed his pro se motion and attached letter, Gomez's new counsel, John Andrew Scola, Jr., filed a notice of appearance.

On May 6, 2013, the district court denied the motion. (The City did not file an opposition to Gomez's motion and neither party submitted any additional filings before the district court denied the motion.) The district court's two-page ruling provides three reasons for denying Gomez's motion for relief from the stipulation of dismissal: First, allowing a party to evade the consequences of the acts or omissions of his freely chosen agent would be inconsistent with our system of representative litigation; second, Gomez asserted that he was overseas when Reid signed the stipulation, but Gomez provided no support for this assertion; and third, Gomez was present at the April 12, 2013 conference at which the stipulation was discussed, but he did not assert at the conference that he did not consent to the stipulation.

---

[3] Electronic Case Filing ("ECF") citations refer to the district court's docket. All errors in original. (ECF No. 21 is not publicly available from the district court's docket.)

Scola subsequently filed a second and then third amended complaint on Gomez's behalf, both of which were limited to federal and state employment claims (namely for discrimination and retaliation under 42 U.S.C. § 1981). The City then moved to dismiss Gomez's third amended complaint for failure to state a claim. On August 14, 2014, the district court granted the motion, dismissing Gomez's § 1981 claims and declining to exercise supplemental jurisdiction over his state-law claims. Gomez appeals only the district court's May 6, 2013 order denying his motion to vacate the stipulation of dismissal, not the August 14, 2014 order dismissing his § 1981 claims.

## DISCUSSION

We begin our discussion with the appropriate standard of review. Gomez's pro se motion, which he labeled as one "for reconsideration and withdraw[a]l of attorney," did not specify which rule of the Federal Rules of Civil Procedure he was invoking. App. 29. The district court construed the motion as having been made pursuant to Rule 59(e), which governs motions for a new trial or to alter or amend a judgment. It seems, however, that motions for relief from an order or

8

judgment based on an attorney's error or misconduct are generally made pursuant to Rule 60(b), rather than Rule 59(e). *See, e.g., Nemaizer v. Baker*, 793 F.2d 58, 62 (2d Cir. 1986) ("Relief from counsel's error is normally sought pursuant to [Rule] 60(b)(1) on the theory that such error constitutes mistake, inadvertence or excusable neglect."); *United States v. Cirami (Cirami II)*, 563 F.2d 26, 35 (2d Cir. 1977) (recognizing attorney's mental illness as grounds for relief under Rule 60(b)(6)). Regardless of whether the motion should have been made or construed pursuant to Rule 59(e) or Rule 60(b), the standard of review is the same: abuse of discretion. *See Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 150 (2d Cir. 2008) (Rule 59(e)); *ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 109 (2d Cir. 2012) (Rule 60(b)). "A district court is said to 'abuse its discretion' if it 'bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions.'" *Optimal Inv. Servs., S.A. v. Berlamont*, 773 F.3d 456, 459–60 (2d Cir. 2014) (brackets omitted) (quoting *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008)).

The district court's decision appears to assume that an attorney's actions are invariably imputed to his or her client. Specifically, the ruling equates Reid's

9

actions with gross negligence, rather than a lack of authority, and ends the inquiry there, observing that parties are generally held to account for even the gross negligence of their attorneys. We respectfully write that this conclusion is not based on a complete assessment of the law.

It is true that courts are generally reluctant to recognize attorney error as a basis for relief from an order or judgment. *See, e.g.*, *United States v. Cirami* (*Cirami I*), 535 F.2d 736, 739 (2d Cir. 1976) ("This Circuit has rather consistently refused to relieve a client of the burdens of a final judgment entered against him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or the rules of the court, or his inability to efficiently manage his caseload."). The primary reason for this reluctance is "our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 (1962).

But the rule deeming a party bound by the acts of his or her attorney is not absolute. Rather, we have recognized as bases for Rule 60(b) relief an attorney's disappearance or mental illness where the party "tried diligently" to contact his or her attorney. *Vindigni v. Meyer*, 441 F.2d 376, 377 (2d Cir. 1971) (attorney disappearance); *see also Cirami II*, 563 F.2d at 35 (attorney mental illness). In such

10

cases, we have remanded for evidentiary hearings on the allegations raised in the motions for relief and the parties' diligence in prosecuting their cases. *See Cirami II*, 563 F.2d at 35; *Vindigni*, 441 F.2d at 378.

Moreover, unlike many other acts that an attorney undertakes on a client's behalf, the decision to settle or otherwise dismiss claims "rests with the client" and is "not automatically bestow[ed] . . . on retained counsel." *Pereira v. Sonia Holdings Ltd. (In re Artha Mgmt.)*, 91 F.3d 326, 329 (2d Cir. 1996). And although "we presume that an attorney-of-record who enters into a settlement agreement, purportedly on behalf of a client, had authority to do so," this presumption is rebuttable. *Id.*; *see also United States v. Int'l Bhd. of Teamsters*, 986 F.2d 15, 20 (2d Cir. 1993) ("The burden of proving that an attorney entered into a settlement agreement without authority is not insubstantial.").

Perhaps in light of its assumption that an attorney-of-record's actions are always imputed to his or her client, the district court did not hold an evidentiary hearing to resolve the dispute over Reid's authority to sign the stipulation. We have previously observed that "[a] hearing is not necessary" if the parties contesting their attorney's authority failed "to allege that they did not give their attorney authority to sign [a] settlement agreement for them." *Pereira*, 91 F.3d at

11

330. But "[i]n circumstances where a former attorney and his client dispute the giving of authority, courts generally require the holding of an evidentiary hearing on the question of authorization." *Michaud v. Michaud*, 932 F.2d 77, 81 (1st Cir. 1991); *see also Sur. Ins. Co. of Cal. v. Williams*, 729 F.2d 581, 583 (8th Cir. 1984); *Assocs. Disc. Corp. v. Goldman*, 524 F.2d 1051, 1053–54 (3d Cir. 1975). As the First Circuit explained, "[a]fter such a hearing, of course, the court can resolve any conflict in the testimony; it may, for example, disbelieve the client. But such a determination cannot be made without first giving the client a fair opportunity to have his say." *Michaud*, 932 F.2d at 81. We agree.

The circumstances of this case clearly raised a factual dispute concerning Reid's authority to dismiss Gomez's claims. Within days of the stipulation's signing, Gomez filed a pro se motion for relief from the stipulation and a detailed letter setting forth his assertion that Reid lacked the authority to dismiss his claims. Because the presumption that an attorney-of-record has authority to settle a case is rebuttable, the district court should not have denied Gomez's motion without holding an evidentiary hearing to address Reid's authority to dismiss Gomez's claims. And contrary to the City's contention that Gomez should have come forward on appeal with additional evidence supporting his assertions,

12

Gomez's detailed letter to the district court below is sufficient to warrant a remand for further development of the record. *Cf. Cirami II*, 563 F.2d at 28 ("For the purposes of this opinion, we take the facts to be as the Ciramis allege, for all we are to do on this appeal is determine whether those allegations, if proved, would justify relief.").

Finally, the district court's additional reasons for denying Gomez's motion do not provide an alternative basis to affirm because they are clearly erroneous. First, the district court faulted Gomez for failing to provide support for the assertion that he was in Afghanistan at the time Reid signed the stipulation. But neither Gomez's motion nor his attached letter asserts that he was in Afghanistan when Reid signed the stipulation; Gomez's letter merely states that he "returned back from Afghanistan and [had] only been home for [a] couple weeks." ECF No. 21. Put simply, Gomez's failure to provide support for an assertion that he never made cannot supply a basis for denying his motion.

Second, the district court notes that Gomez was present at the April 12, 2013 conference at which the stipulation was discussed and that he failed to assert at the conference that he did not consent to the stipulation. In his letter submitted four days after the conference, however, Gomez explains that "[w]hile I was in

your Chambers I heard the Corp Counsel, my attorney, and you discuss the dismissal of 1983 claims but I did not understand or know what that meant." ECF No. 21. Coming from a layperson, this is unsurprising. Moreover, Gomez's subsequent actions—immediately moving for relief from the stipulation, requesting withdrawal of counsel, and hiring a new attorney—are consistent with his statement that he did not understand what was happening at the conference or authorize his attorney to sign the stipulation. At best, Gomez's silence at the conference is ambiguous; his subsequent actions are not. *Cf. Assocs. Disc. Corp.*, 524 F.2d at 1053–54 ("[W]hen, as here, the manifestations of the client's anxiety occur almost simultaneously with the entry of judgment and are inconsistent with an understanding of its consequences, the fact of consent requires scrutiny.").

## CONCLUSION

When, as here, a party promptly raises a colorable argument that his or her attorney lacked authority to settle or otherwise dismiss his or her claims, a factual dispute arises that must be resolved through an evidentiary hearing, unless, of course, the parties agree that no such hearing is necessary. On remand, the district court should hold an evidentiary hearing and determine whether Reid had authority to stipulate to a dismissal of Gomez's claims. If Gomez rebuts the

14

presumption that Reid had authority to dismiss his claims, he is entitled to relief from the stipulation of dismissal that Reid signed.

For the reasons stated herein, we **VACATE** the district court's judgment and its order denying relief from the stipulation of dismissal, and **REMAND** for further proceedings consistent with this opinion.