*Ames v. N.Y. State Dep't of Corr. & Cmty. Supervision*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 29th day of September, two thousand sixteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> RICHARD C. WESLEY,
> PETER W. HALL,
> > *Circuit Judges*.

---

DOUGLAS AMES,

> *Plaintiff-Appellant*,

> v.

JAMES STEVENS, Correction Officer, DAVID SMITH, Correction Officer, THOMAS SCHUNK, Correction Officer, CHRISTOPHER MCDERMOTT, Lieutenant,

> *Defendants-Appellees*,

NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, PATRICK MCINTYRE, Correction Officer, T. M. HOBART, Correction Officer, S. KING, Correction Officer, P. MORRIS, Sergeant, JOHN DOES, Correction Officers,

No. 15-3488

*Defendants*.[*]

For Plaintiff-Appellant: ALVIN LEE (J. Peter Coll, Jr., *on the brief*), Orrick, Herrington & Sutcliffe LLP, New York, NY.

For Defendants-Appellees: FREDERICK A. BRODIE, Assistant Solicitor General of Counsel (Barbara D. Underwood, Solicitor General, and Andrew B. Ayers, Senior Assistant Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Following entry of final judgment on September 24, 2015, Plaintiff-Appellant Douglas Ames appeals from two pre-trial rulings of the United States District Court for the Northern District of New York (D'Agostino, *J.*), entered on September 17 and 18, 2015, precluding Ames from introducing into evidence at trial a report prepared by the Correctional Association of New York ("Association"), a private, nonprofit organization. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

"We review for abuse of discretion the admission of evidence." *Abascal v. Fleckenstein*, 820 F.3d 561, 564 (2d Cir. 2016). "A district court is said to abuse its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or renders a decision that cannot be located within the range of permissible decisions." *Gomez v.*

---

[*] The Clerk of Court is respectfully directed to amend the caption to conform to the caption above.

2

*City of New York*, 805 F.3d 419, 423 (2d Cir. 2015) (citation, internal quotation marks, and brackets omitted).

Ames sought to introduce the Association's report under Rule 803(8) of the Federal Rules of Evidence, the public-records exception to the rule against hearsay. That Rule extends only to "[a] record or statement of a *public office*." Fed. R. Evid. 803(8) (emphasis added). The district court concluded "that the Correctional Association is not a 'public office' under Rule 803(8), and its reports should not be analyzed as such." *Ames v. Stevens*, No. 9:12-cv-01487 (MAD/RFT), 2015 WL 5513021, at *7 (N.D.N.Y. Sept. 17, 2015). This holding proved prescient; several months later, we reached the same conclusion in a different case. *See Abascal*, 820 F.3d at 566 ("The Association is not a public agency. [Its] Report, therefore, is not a record or statement from a public office.").

Ames argues that *Abascal* either was wrongly decided or is distinguishable because, Ames contends, it did not consider that the public-records exception "is *not limited to public agencies*, and can encompass *non-governmental entities* as well." Appellant's Reply Br. at 8 (citing *United States v. Doyle*, 130 F.3d 523, 546–47 (2d Cir. 1997)). We believe that the holding in *Abascal* resolves this issue, and the Association is not the type of nongovernmental entity that falls within the Rule's ambit. Indeed, we are unaware of any case holding that an entity like the Association, a private, nonprofit advocacy organization with permissive powers to visit prisons and prepare reports on their conditions for the government and the wider public, qualifies as a "public office" within the meaning of Rule 803(8). The cases cited in Ames's brief involving nongovernmental entities deemed "public offices" for purposes of the Rule all involve entities operating under an ongoing legal duty to perform a function for the government, *see, e.g.*, *Erickson v. Baxter Healthcare, Inc.*, 151 F. Supp. 2d 952, 967 (N.D. Ill. 2001), acting at the

3

behest of the government, *see, e.g.*, *Yankee Atomic Elec. Co. v. United States*, No. 98-126 C, 2004 U.S. Claims LEXIS 363, at *22, 2004 WL 2450874, at *6 (Fed. Cl. Sept. 17, 2004), or that are themselves governmental subcommittees, *see Hill v. Marshall*, 962 F.2d 1209, 1215 n.2 (6th Cir. 1992) (admitting as a public record a report from a legislative subcommittee constituted by Ohio Rev. Code Ann. § 103.71 and consisting entirely of members of the Ohio State Legislature).

In sum, we find no reason to part with *Abascal*'s conclusion that the Association is "an independent nonprofit organization" that does not qualify as a "public office" within the meaning of Rule 803(8). *See* 820 F.3d at 566–67.

We have considered all of Ames's contentions on appeal and have found in them no basis for reversal. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

4