16-3367-cv
Gomez v. City of New York and New York City Police Department

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 1st day of December, two thousand seventeen.

Present:     ROSEMARY S. POOLER,
             DEBRA ANN LIVINGSTON,
                       *Circuit Judges*,
             GEOFFREY W. CRAWFORD,[1]
                       *District Judge*.

_____

MANUEL GOMEZ,

                       *Plaintiff-Appellant*,

             v.                                          16-3367-cv

CITY OF NEW YORK,

                       *Defendant-Appellee*,

NEW YORK CITY POLICE DEPARTMENT,

                       *Defendant*.

_____

[1] Judge Geoffrey W. Crawford, United States District Court for the District of Vermont, sitting by designation.

Appearing for Appellant:     John Scola, Nwokoro & Scola, Esquires, New York, N.Y.

Appearing for Appellee:      Diana Lawless, Assistant Corporation Counsel (Richard Dearing, Jane L. Gordon, of Counsel, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Sullivan, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Appellant Manuel Gomez appeals from the September 2, 2016 opinion and order of the United States District Court for the Southern District of New York (Sullivan, *J.*), denying his motion for reconsideration of the dismissal of claims pursuant to stipulation. The order was issued following an evidentiary hearing on the question of whether his prior attorney had authority to enter into the stipulation. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review motions to vacate based on errors or attorney misconduct under Fed. R. Civ. P. 60(b) for abuse of discretion. *Gomez v. City of New York*, 805 F.3d 419, 423 (2d Cir. 2015) ("*Gomez I*"). "In reviewing district court decisions for abuse of discretion, we review the underlying factual findings for clear-error. In turn, clear error review mandates that we defer to the district court's factual findings, particularly those involving credibility determinations." *Phoenix Global Ventures, LLC v. Phoenix Hotel Assocs., Ltd.*, 422 F.3d 72, 76 (2d Cir. 2005) (citations omitted).

As we explained in *Gomez I*, "we presume that an attorney-of-record who enters into a settlement agreement, purportedly on behalf of a client, had authority to do so, [but] this presumption is rebuttable." 805 F.3d at 424 (quoting *Pereira v. Sonia Holdings Ltd. (In re Artha Mgmt.)*, 91 F.3d 326, 329 (2d Cir. 1996)) (internal quotation marks omitted). "In accordance with that presumption, any party challenging an attorney's authority to settle the case under such circumstances bears the burden of proving by affirmative evidence that the attorney lacked authority." *Pereira*, 91 F.3d at 329.

"[A]n agent's, and thus an attorney's, actual authority may be inferred from words or conduct which the principal has reason to know indicates to the agent that [the agent] is to do the act." *Id.* (quoting *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 986 F.2d 15, 20 (2d Cir. 1993)) (internal quotation marks omitted); *see also* Restatement (Third) of Agency § 2.01 (2006). By contrast, apparent authority "is the power held by an agent or other actor to affect a principal's legal relations with third parties when a third party reasonably believes the actor has authority to act on behalf of the principal and that belief is traceable to the principal's manifestations." Restatement (Third) of Agency § 2.03 (2006); *see also Int'l Bhd. of Teamsters*, 986 F.2d at 20.

2

Here, given the evidence presented, we conclude that the district court did not abuse its discretion in ruling that Gomez failed to rebut the presumption that his prior attorney was authorized to sign the stipulation. The prior attorney's testimony contrasted sharply with Gomez's, and the district court acted within its discretion when it credited the attorney's narrative over Gomez's. *See Gomez I*, 805 F.3d at 424 ("[A]fter [an evidentiary] hearing, of course, the [district] court can resolve any conflict in the testimony; it may, for example, disbelieve the client.") (quoting *Michaud v. Michaud*, 932 F.2d 77, 81 (1st Cir. 1991)). The prior attorney testified that he showed Gomez the stipulation, outlined its contents, and recommended that Gomez submit it. The prior attorney further testified that Gomez responded by protesting the fact that his claims were barred, but did not object to the attorney's proposal to submit the stipulation. Under these circumstances, the district court committed no clear error in finding a reasonable attorney would understand Gomez as manifesting assent through his "words or conduct," thereby imbuing the attorney with authority. *Pereira*, 91 F.3d at 329; *see also* Restatement (Third) of Agency § 1.03 cmt. e (2006) ("As between the agent and the principal, an unexplained failure to object may … in appropriate circumstances constitute a manifestation of assent or intention.").

Accordingly, the opinion and order of the district court is hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk