17-1243
Leniart v. Bundy

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "Summary Order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of February, two thousand and nineteen.

Present:
            PETER W. HALL,
            SUSAN L. CARNEY,
            RICHARD J. SULLIVAN,
                *Circuit Judges,*

---

George M. Leniart,

            *Plaintiff-Appellant,*

v.                                                                      17-1243-cv

Eric Ellison, Parole Supervisor, Larry Bransford,
Parole Officer,

            *Defendants-Appellees.*[*]

---

| | |
|---|---|
| *For Plaintiff-Appellant*: | OMAR ALI KHAN (Jack Zarin-Rosenfeld, *on the brief*) Wilmer Cutler Pickering Hale and Dorr LLP, New York, NY |
| *For Defendants-Appellants*: | STEVEN R. STROM, Assistant Attorney General, *for* William Tong, Attorney General, Hartford, CT. |

---

[*] The Clerk is directed to amend the caption as above.

Appeal from a judgment entered February 19, 2015, and rulings issued on March 16, 2017, and March 30, 2017, in the District of Connecticut (Fitzsimmons, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment and rulings are **AFFIRMED.**

George Leniart appeals from the final judgment of the district court entered after a jury verdict in favor of all defendants. Specifically, Leniart appeals (1) the district court's denial of his renewed motion for judgment as a matter of law against Ellison under Federal Rule of Civil Procedure 50(b), and (2) the district court's denial of his motion for a new trial against Ellison and Bransford under Federal Rule of Civil Procedure 60(b)(2). For the first time on appeal, Leniart requests a new trial against Ellison and Bransford under Federal Rule of Civil Procedure 60(b)(3). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented on appeal, which we reference only as necessary to explain our decision to affirm.

## I.    Rule 50(b) Renewed Motion for Judgment as a Matter of Law

We review *de novo* the district court's denial of a Rule 50(b) renewed motion for judgment as a matter of law. *Warren v. Pataki*, 823 F.3d 125, 137 (2d Cir. 2016). A Rule 50(b) motion may be granted "only if the court, viewing the evidence in the light most favorable to the non-movant, concludes that a reasonable juror would have been compelled to accept the view of the moving party." *Cash v. Cty. of Erie*, 654 F.3d

2

324, 333 (2d Cir. 2011) (internal quotation marks omitted). Such a motion must be made before the case is submitted to the jury. Fed.R.Civ.P. 50(a)(2). A party may renew the motion after an unfavorable verdict on the grounds specifically raised in the prior motion for judgment as a matter of law. *Tolbert v. Queens College*, 242 F.3d 58, 70 (2d Cir. 2001).

Viewing the evidence in the light most favorable to defendants, a reasonable juror would not be compelled to find in Leniart's favor. Manager Ellison's authority to seize and examine the microcassette recorder and tape flowed from reasonable suspicion of specific parole violations, including not wearing his GPS monitoring device, drinking alcohol, and engaging in sexual activities with minors in Leniart's home. The recorder and tape were found in the bag containing the laptop that the parole officers were searching for, which itself was found in Leniart's bedroom—the site of an alleged assault. Like the laptop, the recorder and tape were devices capable of creating and storing a contemporaneous record of Leniart's alleged parole-violative contacts with minors, consumption of alcohol, and sexual assault. Accordingly, they fall within the reasonable scope of the parole investigation of Ellison.

## II. Rule 60(b) Motions for a New Trial

We review for abuse of discretion the denial of a motion for relief from a final judgment under Rules 59 and 60(b). *Devlin v. Transpo. Commc'ns Int'l Union*, 175 F.3d 121, 131–32 (2d Cir. 1999). A district court exceeds the bounds of its discretion when it "bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the

range of permissible decisions." *Gomez v. City of New York*, 805 F.3d 419, 423 (2d Cir. 2015).

The district court did not exceed the bounds of its discretion in denying Leniart's Rule 60(b)(2) motion. A court should grant a new trial under Rule 60(b)(2) only when "newly discovered evidence . . . [is] of a sort that could, if believed, change the verdict." *United States v. Gambino*, 59 F.3d 353, 364 (2d Cir. 1995). The party seeking a new trial must show: "(1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceedings, (2) the movant was justifiably ignorant of them despite due diligence, (3) the evidence is admissible and of such importance that it probably would have changed the outcome, and (4) the evidence is not merely cumulative or impeaching." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001) (quoting *United States v. Int'l Bhd. Of Teamsters*, 179 F.R.D. 444, 447 (S.D.N.Y. 1998)).

Leniart failed to establish that the newly discovered evidence—the chain-of-custody sheet, the broken envelope seal, the damaged recorder, and the tape— probably would have altered the jury's verdict. Because the recorder and tape are directly relevant only to Leniart's claim against Ellison, the revelation of the recorder, the tape, and Bransford's misrepresentations would likely not change the jury's verdict as to Ellison, let alone alter the district court's grant of summary judgment in favor of Bransford. Leniart has not demonstrated that Ellison knew the recorder and tape existed prior to the search or what Leniart had told Bransford about the contents of that tape. Leniart potentially could question Ellison about such information, but

4

without more, at best it would impeach only Ellison. Moreover, Leniart's counsel had the opportunity to pursue such a line of questioning when cross-examining Ellison during the trial but declined to do so. Finally, the fact that the tape did not contain what Leniart claims indicates that the actual recorder and tape would not likely change the outcome of the trial. Unlike with regard to Ellison, the new evidence could be used effectively to impeach Bransford. Any argument as to how the new evidence affects Bransford's dismissal from this case on summary judgment, however, was insufficiently made in Appellant's brief to warrant a different result: Appellant points to no direct evidence that Bransford caused Ellison to seize the tape and recorder, and the new evidence does not, on its face, sufficiently support such an inference.

Alternatively, Leniart asks us to grant a new trial under Rule 60(b)(3) because of Bransford's misconduct regarding the recorder and tape. Leniart did not raise this argument in the district court and the court accordingly did not consider it. We conclude that Leniart has waived this argument by failing to present it below. *See Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal."). As we have held elsewhere, "the circumstances normally" do not "favor an exercise of discretion to address . . . new arguments on appeal where those arguments were available to the [parties] below and they proffer no reason for their failure to raise the arguments below." *Id.* (internal citations omitted) (alteration in original).

We **AFFIRM** the district court's judgment and rulings.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court