18-2466-cv
*William v. City of New York*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of June, two thousand nineteen.

PRESENT: JOSÉ A. CABRANES,
RAYMOND J. LOHIER, JR.,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

---

RONALD WILLIAM,

*Plaintiff-Appellant,*                    18-2466-cv

v.

CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER CHRISTOPHER FOY (SHIELD #5101), POLICE OFFICER MARCUS COLON (SHIELD #4439), JOHN DOES 1-5 (ACTUAL NAMES UNKNOWN AT THIS TIME),

*Defendants-Appellees.*

---

FOR PLAINTIFF-APPELLANT:     David J. Hernandez, David J. Hernandez & Associates, Brooklyn, NY.

FOR DEFENDANTS-APPELLEES:     Deborah A. Brenner, Ellen Ravitch, Assistant Corporation Counsel, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from a July 23, 2018 order of the United States District Court for the Southern District of New York (Richard J. Sullivan, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Ronald William ("William") appeals from an order of the District Court denying William's motion to re-open his case pursuant to Federal Rule of Civil Procedure Rule 60(b)(1). The District Court initially denied William's motion on September 6, 2017. William appealed the denial, and we remanded the case to the District Court "for an appropriate exercise of its discretion" in light of the factors set forth in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993). *William v. City of New York*, 727 F. App'x 30, 32 (2d Cir. 2018). On remand, the District Court considered the *Pioneer* factors and again denied William's motion. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's grant or denial of a Rule 60(b)(1) motion for "abuse of discretion." *Gomez v. City of New York*, 805 F.3d 419, 423 (2d Cir. 2015) (per curiam).[1]

William argues that the District Court abused its discretion in finding that the first three *Pioneer* factors weighed against him. The factors are as follows: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the moving party, and (4) whether the moving party acted in good faith." *Williams v. KFC Nat'l Mgmt. Co.*, 391 F.3d 411, 415 (2d Cir. 2004).

As to the first factor, William argues that the District Court erred in finding a presumption of prejudice attached to his ten-month delay. We have explained that "[a] presumption of prejudice is particularly appropriate where . . . the plaintiff's delay was prolonged." *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999). We conclude that it was not an abuse of discretion for the District Court to apply the presumption here.

As to the second factor, William argues that the District Court abused its discretion in finding that the delay was lengthy and affected judicial proceedings. William argues that the ten-month delay was not lengthy and that it should not be considered a significant interference in the

---

[1] "Abuse of discretion" is a legal term of art, *see, e.g.*, *United States v. Hendricks*, 921 F.3d 320, 328 n.37 (2d Cir. 2019), which in these circumstances is synonymous with legal error.

District Court's management of its docket. We disagree and conclude that the District Court did not err, much less "abuse its discretion," in finding that the second factor weighed against William.

As to the third factor, William argues that the District Court abused its discretion in finding that the reason for the delay weighed heavily against him. We have explained that "it is the third factor—the reason for the delay—that predominates, and the other three are significant only in close cases." *Williams*, 391 F.3d at 415–16. William argues that he has demonstrated "excusable neglect" because (1) email notifications regarding docket entries went to his counsel's junk mail, and (2) his counsel believed that defendants-appellants were in default and was thereby "lulled" into awaiting word from them. Appellant Br. 26, 27. William does not contest that his counsel failed to check the docket for nearly a year to keep apprised of the litigation. We conclude that the District Court did not err or abuse its discretion in finding that this factor weighed heavily against William.

As to the fourth factor, William argues that the District Court erred by finding that this factor weighed "slightly" in his favor rather than fully in his favor. The District Court acted within its discretion in finding that there was no evidence of bad faith, but concluding that the fourth factor was insufficient to counterbalance the other factors.

## CONCLUSION

We have reviewed all of the arguments raised by William on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the July 23, 2018 order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3