20-944-pr
*Ramos v. Poore*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30ᵗʰ day of September, two thousand twenty-one.

PRESENT:   PIERRE N. LEVAL,
           JOSÉ A. CABRANES,
           ROSEMARY S. POOLER,
                    *Circuit Judges.*

---

JOSE RAMOS,

                 *Petitioner-Appellant,*                    20-944-pr

                 v.

COREY POORE, SGT. NORWICH POLICE
DEPARTMENT, JAMES CURTIS, DET NORWICH POLICE
DEPARTMENT, H. REAMS, DET NORWICH POLICE
DEPARTMENT, JOHN DOE, SUPERVISOR ON SHIFT
9/26/2012, CITY OF NORWICH POLICE
DEPARTMENT,

                 *Defendants-Appellees.*

---

**FOR PETITIONER-APPELLANT:**        Jose Ramos, pro se, Suffield, CT

**FOR DEFENDANTS-APPELLEES:**        Scott R. Ouellette, Williams, Walsh &
                                     O'Connor, LLC, North Haven, CT

Appeal from an order of the United States District Court for the District of Connecticut (Victor A. Bolden, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Appellant Jose Ramos appeals the District Court's order denying reconsideration of its grant of summary judgment to Defendants. Ramos alleged that Defendants failed to intervene to prevent assault, interrogated him after he requested counsel, and denied him a speedy arraignment. Rather than appealing the District Court's October 20, 2017, summary judgment order, Ramos on March 2, 2020, moved for relief from judgment under Rule 60 of the Federal Rules of Civil Procedure. The District Court denied relief. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the denial of a Rule 60 motion for abuse of discretion. *ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 109 (2d Cir. 2012). "A district court is said to abuse its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or renders a decision that cannot be located within the range of permissible decisions." *Gomez v. City of New York*, 805 F.3d 419, 423 (2d Cir. 2015) (alteration and internal quotation marks omitted).

We find that the District Court did not abuse its discretion. It correctly concluded that Ramos's claims of new evidence and fraud under Rule 60(b)(2) and (3) were untimely because Ramos moved more than a year after the challenged order. *See* Fed. R. Civ. P. 60(c)(1). Separately, it was not clear error for the District Court to conclude that Ramos could have reasonably discovered his trial transcript in time to move for a new trial. *See Boule v. Hutton*, 328 F.3d 84, 95 (2d Cir. 2003) (affirming a similar holding). And because Ramos raises no claims apart from new evidence and fraud, Rule 60(b)(6) does not offer him a basis for relief. *See Metzler Inv. GmbH v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 143 (2d Cir. 2020) (noting Rule 60(b)(6) is available only "when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule").

We have reviewed all of the arguments raised by Ramos on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the March 5, 2020, order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk