20-3899-cv
*Abrams v. Porter*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of December, two thousand twenty-one.

PRESENT:
> AMALYA L. KEARSE,
> RAYMOND J. LOHIER, JR.,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

_____

Elizabeth Abrams, individually as parent and natural guardian of A.A., Dore Abrams, individually as parent and natural guardian of A.A., Arelis Araujo, individually as parent and natural guardian of Z.A., Luis Araujo, individually as parent and natural guardian of Z.A., Jhoana Juca, individually as parent and natural guardian of K.A., Victor Arteaga, individually as parent and natural guardian of K.A., Donna Cornett, individually as parent and natural guardian of J.B., John Burgess, individually as parent and natural guardian of J.B., Eileen Mendez, individually as parent and natural guardian of A.C., Yvonne Davis, individually as parent and natural guardian of O.C., Claudia Rivas, individually as parent and natural guardian of S.C., Brenda Melendez, individually as parent and natural guardian of J.C., Carolyn Mason, individually as parent and natural guardian of A.D., Patrick Donohue, individually as parent and natural guardian of S.J.D., Neysha Cruz, individually as parent and natural guardian of O.F., Piedad

Angamarca, individually as parent and natural guardian of J.G., Janice Torres, individually as parent and natural guardian of A.L., Abdon Lopez, individually as parent and natural guardian of A.L., Shannon Thomason, individually as parent and natural guardian of E.P., Vinnie Penna, individually as parent and natural guardian of E.P., Alexandra Vera-Fiallos, individually as parent and natural guardian of L.F., Nahoko Mizuta, individually as parent and natural guardian of Y.M., Kentaro Mizuta, individually as parent and natural guardian of Y.M., Yarely Mora, individually as parent and natural guardian of L.N., Luis Nunez, Sr., individually as parent and natural guardian of L.N.,

*Plaintiffs-Appellants*,

v.

No. 20-3899-cv

Meisha Porter, in her official capacity as the Chancellor of the New York City Department of Education, New York City Department of Education,

*Defendants-Appellees*.[1]

---

FOR PLAINTIFFS-APPELLANTS:

RORY J. BELLANTONI (Peter Albert, *on the brief*), Brain Injury Rights Group, New York, NY.

FOR DEFENDANTS-APPELLEES:

D. ALAN ROSINUS, JR. (Richard Dearing, Jeremy W. Shweder, *on the brief*), *for* Georgia M. Pestana, Corporation Counsel of the City of New York, New York, NY.

---

[1] The Clerk of Court is respectfully instructed to amend the caption as set forth above. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Chancellor of the New York City Department of Education Meisha Porter is automatically substituted for former Chancellor Richard Carranza.

2

Appeal from an order of the United States District Court for the Southern District of New York (Oetken, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Plaintiffs-Appellants ("plaintiffs"), who are the parents and guardians of seventeen disabled children enrolled at the International Institute for the Brain ("iBRAIN"), brought this lawsuit in June 2020 seeking immediate payment for past tuition and supporting services pursuant to pendency orders issued under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq*. More specifically, before making these past payments for the March through June 2020 time period, the New York City Department of Education ("DOE") sought additional information demonstrating that the students had, in fact, received certain services (such as transportation) during the early months of the COVID-19 pandemic. Plaintiffs allege that the DOE has no basis under the IDEA to withhold such payments.

As relevant here, plaintiffs filed an interlocutory appeal from the October 13, 2020 order of the United States District Court for the Southern District of New York (Oetken, *J.*), denying plaintiffs' motion for a preliminary injunction and temporary restraining order, which sought to have the district court direct the DOE to pay these past expenses during the pendency of their administrative and judicial proceedings, as well as the motion for reconsideration of its August 5, 2020 denial of a similar prior request for injunctive relief. On appeal, plaintiffs challenge the district court's conclusions that (1) plaintiffs were not entitled to an "automatic injunction" directing payment under the IDEA's "stay-put" provision, and (2) plaintiffs had likewise failed to meet the irreparable harm requirement under the traditional preliminary injunction standard.

3

"We review a district court's denial of a preliminary injunction for abuse of discretion, examining the legal conclusions underpinning the decision *de novo* and the factual conclusions for clear error." *Green Haven Prison Preparative Meeting of Religious Soc'y of Friends v. New York State Dep't of Corr. & Cmty. Supervision*, 16 F.4th 67, 78 (2d Cir. 2021). We similarly review a denial of a motion for reconsideration under an abuse-of-discretion standard. *See Gomez v. City of New York*, 805 F.3d 419, 423 (2d Cir. 2015). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, which we reference only as necessary to explain our decision to affirm.

Under the IDEA's pendency or "stay-put" provision, unless the parents and the state or local educational agency agree otherwise, a disabled child is entitled to "remain in [the child's] then-current educational placement" while a parent's due process complaint under the IDEA is pending in an administrative or judicial proceeding. 20 U.S.C. § 1415(j). The purpose of this provision is "to maintain the educational status quo while the parties' dispute is being resolved." *T.M. ex rel. A.M. v. Cornwall Cent. Sch. Dist.*, 752 F.3d 145, 152 (2d Cir. 2014). Plaintiffs argue that the district court abused its discretion in denying their request under the "stay-put" provision for an automatic injunction, which would have directed the DOE to immediately make all outstanding payments allegedly due under the pendency orders for the 2019–2020 school year. We disagree.

To be sure, we have made clear that "implicit in the maintenance of the status quo is the requirement that a school district continue to finance an educational placement made by the agency and consented to by the parent before the parent requested a due process hearing." *Zvi D. by Shirley D. v. Ambach*, 694 F.2d 904, 906 (2d Cir. 1982). In other words, in such situations, "[t]o

4

cut off public funds would amount to a unilateral change in placement, prohibited by the [IDEA]." *Id.* Accordingly, where the IDEA pendency provision applies, it "is, in effect, an automatic preliminary injunction" that replaces the traditional preliminary injunction standard, which requires a showing of irreparable harm and some assessment of the merits, in favor of maintaining the status quo. *Id.*; *see also Doe v. East Lyme Bd. of Educ.*, 790 F.3d 440, 453 (2d Cir. 2015) (explaining that the pendency provision "represents Congress' policy choice that all [disabled] children, *regardless of whether their case is meritorious or not*, are to remain in their current educational placement until the dispute with regard to their placement is ultimately resolved" (internal quotation marks omitted)).

However, in the instant case, plaintiffs' counsel conceded in the district court that the students' placements at iBRAIN were not at risk in the absence of an automatic injunction. More specifically, the dispute related to efforts by the plaintiffs to obtain payment for tuition and supporting services for a portion of the prior school year (namely, the 2019–2020 school year). As to that dispute, Plaintiffs' counsel agreed that the students were not facing removal as a result of the prior school year's payment dispute, stating that it was "somewhat of a moot question because the [school] year has come and gone," Joint App'x at 779, although counsel later suggested that nonpayment for the 2019–2020 school year would affect the school's operations and, by extension, the students' education for the 2020–2021 school year.

Relatedly, this situation was materially different from a separate lawsuit brought by a group of iBRAIN families — including some of the same plaintiffs as in this case — in the summer of 2020 against the DOE. There, the DOE had not yet agreed to fund tuition for the upcoming 2020–2021 school year, and the district court granted the stay-put injunction for the students who were

5

entitled to pendency funding for tuition and services at iBRAIN for that upcoming school year. *See Araujo v. N.Y.C. Dep't of Educ.*, 20 Civ. 7032 (LGS), 2020 WL 5701828, at \*2–3 (S.D.N.Y. Sept. 24, 2020). Here, in contrast to the circumstances in *Araujo*, the district court noted that plaintiffs had already secured prospective relief for funding for the 2020–2021 school year — through *Araujo* itself, for some of the plaintiffs — which "bolstered" the district court's conclusion that there was no risk to their placements for that upcoming year. *Abrams v. Carranza*, No. 20-CV-5085, 2020 WL 6048785, at \*2 (S.D.N.Y. Oct. 13, 2020). In short, given that both sides agreed that there was no risk of the students losing their pendency placement while the dispute regarding past payments continued to be litigated, and that the plaintiffs were granted prospective relief for the 2020–2021 school year, the district court did not abuse its discretion in denying an injunction under the IDEA's stay-put provision.

For the same reason, there is no basis to disturb the district court's decision under the traditional preliminary injunction standard. Under that standard, in order to obtain an injunction, plaintiffs must demonstrate, among other elements and as relevant here, "a likelihood of irreparable injury in the absence of an injunction." *Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 895 (2d Cir. 2015) (internal quotation marks and alteration omitted). The district court concluded that plaintiffs' dispute with the DOE over past payments "d[id] not implicate irreparable harm, at least where, as here, there is no imminent threat to the educational services themselves." Special App'x at 6. Again, given the evidence that the students' placements for the then-ongoing 2020–2021 school year were not at risk, the district court did not abuse its discretion in finding that plaintiffs' monetary dispute with the DOE did not satisfy the "irreparable harm" requirement. *See Rodriguez ex rel. Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir. 1999) (explaining that an

6

injury must be "neither remote nor speculative, but actual and imminent" to constitute irreparable harm (internal quotation marks omitted)).

*       *       *

We have considered plaintiffs' remaining arguments and conclude that they are without merit.  For the foregoing reasons, the October 13, 2020 order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7