25-486-cv
Clark v. N.Y.C. Hous. Auth.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of December, two thousand twenty-five.

PRESENT: DENNIS JACOBS,
JOSÉ A. CABRANES,
RAYMOND J. LOHIER, JR.,
  *Circuit Judges*.

------------------------------------------------------------------

LA'SHAUN CLARK,

  *Plaintiff-Appellant*,

  v.              No. 25-486-cv

NEW YORK CITY HOUSING AUTHORITY,
NEW YORK INSULATION & ENVIRONMENTAL
SERVICES INC., JLC ENVIRONMENTAL
CONSULTANTS INC.,

  *Defendants-Appellees*.

------------------------------------------------------------------

FOR APPELLANT:                          LA'SHAUN CLARK, *pro se*,
                                        Douglasville, GA

FOR APPELLEE NEW YORK CITY              MIRIAM SKOLNIK, Herzfeld &
HOUSING AUTHORITY:                      Rubin, P.C., New York, NY

FOR APPELLEE NEW YORK                   RICHARD E. LEFF, BBC Law,
INSULATION & ENVIRONMENTAL              LLP, New York, NY
SERVICES INC.:

FOR APPELLEE JLC                        Michael Schneider, Kennedys
ENVIRONMENTAL CONSULTANTS               CMK LLP, New York, NY
INC.:

Appeal from a judgment of the United States District Court for the

Southern District of New York (Analisa Torres, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the District Court is AFFIRMED.

La'Shaun Clark, proceeding *pro se*, appeals from the February 28, 2025

judgment of the United States District Court for the Southern District of New

York (Torres, *J.*).  The judgment adopted the report and recommendation of the

Magistrate Judge (Tarnofsky, *M.J.*) dismissing with prejudice Clark's state law

claims of negligent and intentional infliction of emotional distress against

Defendants-Appellees New York City Housing Authority ("NYCHA"), New

York Insulation & Environmental Services Inc., and JLC Environmental

2

Consultants Inc. Clark also appeals from a May 30, 2025 order denying her motions (1) to recuse Judge Torres and Judge Tarnofsky, (2) to alter and amend the judgment, and (3) for relief from final judgment. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

The District Court concluded that Clark's tort claims were barred by collateral estoppel, or issue preclusion. We review *de novo* a district court's application of collateral estoppel. *See Carroll v. Trump*, 151 F.4th 50, 68 (2d Cir. 2025). Under New York law, collateral estoppel applies if "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and decided, (3) there was a full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." *Conason v. Megan Holding, LLC*, 25 N.Y.3d 1, 17 (2015) (quotation marks omitted).

We agree with the District Court that collateral estoppel bars relitigation of Clark's claims. This appeal follows a federal action brought by Clark in 2020 arising from the same exposure to crystalline silica quartz and asbestos in her NYCHA-operated apartment between 2004 and 2012. *See Clark v. N.Y.C. Hous.*

3

*Auth.*, No. 20-CV-251, 2022 WL 17974899 (S.D.N.Y. Dec. 28, 2022). Clark now alleges that this exposure resulted in a new diagnosis of silicosis, entitling her to recovery based on distinct injuries. But to prevail on her new claims for recovery, Clark must necessarily relitigate an issue that the District Court resolved in the earlier litigation: whether Clark had "adduce[d] sufficient evidence to establish the element of general causation" and in particular the "general capacity of the crystalline silica quartz that she claims remained in" her apartment to cause her injuries. *Clark*, 2022 WL 17974899, at *3. Specifically, in the earlier litigation the District Court concluded that Clark had not offered expert testimony establishing causation as is required under New York law. *See id.*; *Nemeth v. Brenntag N. Am.*, 38 N.Y.3d 336, 342–44 (2022). This Court affirmed. *Clark v. N.Y.C. Hous. Auth.*, No. 22-3233-CV, 2023 WL 8071800 (2d Cir. Nov. 21, 2023) (summary order). "[T]he determination of an essential issue is binding in a subsequent action, even if it recurs in the context of a different claim." *Paramount Pictures Corp. v. Allianz Risk Transfer AG*, 31 N.Y.3d 64, 72 (2018).

Clark also argues that she was denied a "full and fair opportunity" to litigate her tort claims, *Conason*, 25 N.Y.3d at 17 (quotation marks omitted), because the District Court's conclusion rested on her inability to provide expert

4

testimony. We agree with the District Court that Clark received enough notice that expert testimony was necessary and that she was given the opportunity to retain an expert in the earlier litigation. We therefore affirm the District Court's dismissal of the claims on collateral estoppel grounds.

Finally, the District Court did not abuse its discretion in denying Clark's post-judgment motions. *See Gomez v. City of New York*, 805 F.3d 419, 423 (2d Cir. 2015). Her assertions of bias by the District Judge and the Magistrate Judge rest on "remote, contingent, indirect[, and] speculative interests." *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992). And we are not persuaded that the alleged conflicts of interest "entertain significant doubt that justice would be done absent recusal." *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 121 (2d Cir. 2021) (quotation marks omitted). We thus conclude that the District Court correctly denied Clark's motions to alter and vacate judgment pursuant to Federal Rules of Civil Procedure 59(e) and 60, and her motion for recusal pursuant to 28 U.S.C. § 455.

We have considered Clark's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court