14-4183-cv
*Wang v. IBM*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of February, two thousand sixteen.

Present:
> RALPH K. WINTER,
> PETER W. HALL,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

---

JIAN WANG, AKA JAMES WANG,

> *Plaintiff-Appellant*,

v.                                                          No. 14-4183-cv

IBM,

> *Defendant-Appellee.*

---

For Plaintiff-Appellant:    PETER HURWITZ, 151 N. Main St. – 4th Floor, New City, NY.

For Defendant-Appellee:    KEVIN G. LAURI (Dana G. Weisbrod, Orla J. McCabe, *on the brief*) Jackson Lewis P.C., New York, New York.

---

1

Appeal from a final judgment of the United States District Court for the Southern District of New York (Briccetti, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Jian Wang appeals from a final judgment entered in the United States District Court for the Southern District of New York. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal. For the reasons stated below, we affirm.

"We review a district court's factual conclusions related to a settlement agreement, such as whether an agreement exists or whether a party assented to the agreement, under the clearly erroneous standard of review." *Omega Eng'g, Inc. v. Omega, S.A.*, 432 F.3d 437, 443 (2d Cir. 2005). "We review *de novo* a district court's legal conclusions with respect to its interpretation of the terms of a settlement agreement . . . ." *Id.*

When, as here, a case "aris[es] under federal law, the scope of an agent's authority is determined according to federal precedent." *United States v. Int'l Bhd. of Teamsters*, 986 F.2d 15, 20 (2d Cir. 1993). It is an "undisputed proposition that the decision to settle is the client's to make, not the attorney's." *Fennell v. TLB Kent Co.*, 865 F.2d 498, 501 (2d Cir. 1989). We "presume that an attorney-of-record who enters into a settlement agreement, purportedly on behalf of a client, had authority to do so." *In re Artha Mgmt.*, 91 F.3d 326, 329 (2d Cir. 1996). "In accordance with that presumption, any party challenging an attorney's authority to settle the case . . . bears the burden of proving by affirmative evidence that the attorney lacked authority." *Id.*; *see also Int'l Bhd. of Teamsters*, 986 F.2d at 20 (stating that "[t]he burden of proving that an attorney entered into a settlement agreement without authority is not insubstantial").

2

Wang's only challenge to the district court's finding of actual authority is that the court should have held an evidentiary hearing. "'In circumstances where a former attorney and his client dispute the giving of authority, courts generally require the holding of an evidentiary hearing on the question of authorization.'" *Gomez v. City of New York*, 805 F.3d 419, 424 (2d Cir. 2015) (quoting *Michaud v. Michaud*, 932 F.2d 77, 81 (1st Cir. 1991)). Wang argues that an evidentiary hearing was required to resolve the dispute over whether he directed his counsel to settle for $200 million or more. The district court found it implausible that Wang would believe that IBM would settle for that amount. Under the circumstances, we do not disagree. As the district court explained, Wang was highly educated, his attorney told that him that he had a "10% or less" chance of prevailing at trial, and the $200 million figure was wholly out of proportion to Wang's salary.[1] Consequently, there was no need to hold an evidentiary hearing to consider further this groundless assertion. *Cf. Gomez*, 805 F.3d at 425 (holding that when "a party promptly raises a *colorable* argument that his or her attorney lacked authority to settle or otherwise dismiss his or her claims, a factual dispute arises that must be resolved through an evidentiary hearing" (emphasis added)). Other than this implausible statement, Wang does not identify what, if any, evidence he would present at an evidentiary hearing to show that his attorney was directed to settle for $200 million or more. As a result, there is no basis to believe that Wang could rebut the presumption that his attorney had actual authority to settle the case for $207,500. *See In re Artha Mgmt.*, 91 F.3d at 330 (the presumption that an attorney-of-record had actual authority to bind a client to a settlement agreement "requires us to demand from the challenging party clear evidence that the parties intended not to be bound by their attorneys' signatures").

---

[1] We have taken into account, and are sensitive to, Wang's disability. We do not, however, find it dispositive on the issue of actual authority.

Wang does not challenge the district court's determination that the memorandum of understanding was enforceable on its own, despite Wang's refusal to sign the contemplated formal agreement. He has therefore waived review of that issue. *See Norton v. Sam's Club*, 145 F.3d 114, 117–18 (2d Cir. 1998). In any event, had Wang challenged that determination, we would affirm for substantially the same reasons provided by the district court. Contrary to Wang's argument, no evidentiary hearing was necessary to sort out the terms of the agreement: the purported dispute was limited to the communication between Wang and his attorney. The terms provided in the written memorandum of understanding, however, were unambiguous. As we affirm on the basis of actual authority, we decline to address the district court's alternative determination that Wang's attorney had apparent authority to bind Wang to the settlement agreement.

We have considered Wang's remaining arguments and find them to be without merit. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4