Wang v. International Business Machines Corp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of January, two thousand twenty-one.

PRESENT:
> ROBERT A. KATZMANN,
> RAYMOND J. LOHIER, JR.,
> SUSAN L. CARNEY,
>   *Circuit Judges.*

———————————————————————

Jian Wang, AKA James Wang,

   *Plaintiff-Appellant*,

  v.                19-3851

International Business Machines Corporation,

   *Defendant-Appellee*.

———————————————————————

FOR PLAINTIFF-APPELLANT:        JIAN WANG, pro se, Highland, NY.

FOR DEFENDANT-APPELLEE:        DANA G. WEISBROD (Steven J. Seidenfeld, *on the brief*), Jackson Lewis, P.C., New York, NY.

Appeal from orders of the United States District Court for the Southern District of New York (Briccetti, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court are **AFFIRMED**.

Jian Wang, through counsel, sued his former employer, International Business Machines Corp. ("IBM"), in 2011, alleging that it unlawfully terminated him because he was deaf. The parties engaged in mediation and executed a memorandum of understanding ("MOU") that included a $207,500 settlement. Before the parties formalized the settlement, Mr. Wang indicated to his attorneys that they had miscommunicated the settlement amount to him in American Sign Language ("ASL") and that he had understood the amount as $207 million. Mr. Wang refused to sign the settlement, and his attorneys withdrew from the case. IBM then moved to enforce the MOU, and in October 2014, the district court granted IBM's motion and ordered the parties to submit proposed judgments. Mr. Wang, pro se, submitted a counter-proposed judgment that rejected the MOU's terms; the district court entered judgment deeming the action settled, construed Mr. Wang's counter-proposed judgment as a motion for reconsideration of the judgment enforcing the MOU, and denied the motion. In November 2014, Mr. Wang appealed the district court's judgment to this Court, and we affirmed. *See* 634 F. App'x 326 (2d Cir. 2016) (summary order).

In July 2019, Mr. Wang, pro se, moved to reopen the case. In his motion, Mr. Wang alleges that he recently discovered that the district court had omitted to docket a second counter-proposed judgment that he had purportedly filed in 2014. This second counter-proposed judgment, a re-

2

created version of which Mr. Wang submitted along with his motion to reopen, contains what he characterizes as additional evidence that he believed the settlement amount to be $207 million, not $207,500. Specifically, appendices to the second counter-proposed judgment contain emails from 2014 in which Mr. Wang communicates with a realtor about purchasing a multi-million-dollar home in Los Angeles, as well as contemporaneous travel reservations to Los Angeles. Mr. Wang argues in his motion to reopen that the district court never would have ordered enforcement of the MOU had it been aware of this evidence when the second counter-proposed judgment was first purportedly filed. The district court construed Mr. Wang's motion to reopen as a motion under Fed. R. Civ. P. 60 for relief from a judgment. It then denied the motion as time-barred or meritless. Mr. Wang moved for reconsideration, which the district court summarily denied, and Mr. Wang timely appealed.[1]

We review a district court's denial of a motion brought under Fed. R. Civ. P. 60 for abuse of discretion. *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1140 (2d Cir. 1994). We also review a district court's denial of a motion for reconsideration for abuse of discretion. *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019). A district court abuses its discretion when it "bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or renders a decision that cannot be located within the range of permissible

---

[1] By letter dated December 18, 2020, Mr. Wang moved the Court to appear in person in the courthouse for oral argument scheduled for January 14, 2021. Due to ongoing COVID-19 restrictions, the motion is denied. While the Court was prepared to make alternative accommodations, the plaintiff-appellant informed the Court that he would participate in a telephonic oral argument and that he would speak through an American Sign Language interpreter.

decisions." *Yukos Cap. S.A.R.L. v. Feldman*, 977 F.3d 216, 234 (2d Cir. 2020).[2]

We find no abuse of discretion in the district court's well-reasoned opinion denying Mr. Wang's motion. First, we agree that Fed. R. Civ. P. 60(a) provides no basis to vacate the district court's original judgment enforcing the MOU. Rule 60(a) permits a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Rule 60(a)'s purpose is "not to reflect a new and subsequent intent of the court, but to conform the order to the contemporaneous intent of the court." *Marc Rich & Co. A.G. v. United States (In re Marc Rich & Co. A.G.)*, 739 F.2d 834, 837 (2d Cir. 1984). Mr. Wang, however, does not seek to conform the court's 2014 order to its original intent; rather, he argues that, had the district court docketed his second counter-proposed judgment and considered his evidence that he expected a multi-million-dollar settlement, it would not have ordered enforcement of the MOU. Thus, the district court did not abuse its discretion in holding that, to the extent Mr. Wang moves for relief under Fed. R. Civ. P. 60(a), his motion is meritless.

Alternatively, construing Mr. Wang's motion as a motion for relief under Fed. R. Civ. P. 60(b), we agree with the district court that the motion is untimely. Motions under subsections (1) (due to mistake, inadvertence, surprise, or excusable neglect), (2) (due to newly-discovered evidence), or (3) (due to fraud, misrepresentation, or misconduct by an opposing party) of Rule 60(b) must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "The one-year limitation period for Rule 60(b)[(1)–(3)]

---

[2] In quoting cases, all internal quotation marks, citations, and alterations are omitted.

4

motions is absolute." *Martha Graham Sch. & Dance Found., Inc. v. Martha Graham Ctr. of Contemp. Dance, Inc.*, 466 F.3d 97, 100 (2d Cir. 2006). Mr. Wang filed his motion to reopen in July 2019—nearly five years after the district court's judgment enforcing the MOU. Accordingly, if construed as a motion under Rule 60(b)(1), (2), or (3), the motion would be untimely. The fact that Mr. Wang claims that he originally filed his second counter-proposed judgment in 2014 is irrelevant because the filing subject to the one-year limitations period is the current motion.

Further, although motions brought under Rule 60(b)(4), (5), or (6) are not subject to a strict one-year limitations period, they must nevertheless be brought within a "reasonable time." Fed. R. Civ. P. 60(c)(1). When assessing what constitutes a "reasonable time," we look to "the particular circumstances of the case, taking into account the reason for any delay, the possible prejudice to the non-moving party, and the interests of finality." *Thai-Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 864 F.3d 172, 182 (2d Cir. 2017). Under this standard, Mr. Wang's motion, if construed as a motion under Rule 60(b)(4), (5), or (6), would not have been brought within a reasonable time. His claimed reason for waiting nearly five years before filing this motion—that he never checked the district court's docket to confirm that it had received the second counter-proposed judgment because of the $.10-per-page printing fee—does not justify a delay of this magnitude. Additionally, reopening this case would cause significant prejudice to IBM, which already has paid Mr. Wang in accordance with the settlement, and would undermine the interest in finality. *See Rodriguez v. Mitchell*, 252 F.3d 191, 201 (2d Cir. 2001) (holding that a Rule 60(b)(6) motion brought three-and-a-half years after the original judgment was not brought within a "reasonable time"). Accordingly, the district court did not abuse its discretion when it

5

held that Mr. Wang did not demonstrate a claim to relief under any provision of Rule 60.

We have considered Mr. Wang's remaining arguments and find in them no grounds for reversing the decisions below. Accordingly, we **AFFIRM** the orders of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court