19-3461-pr
*Bell v. Carlson*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>**SUMMARY ORDER**</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of September, two thousand twenty-one.

PRESENT:
>           JOHN M. WALKER, JR.,
>           JOSEPH F. BIANCO,
>           STEVEN J. MENASHI,
>                     *Circuit Judges*.

_____

Jerome M. Bell,

>           *Plaintiff-Appellant*,

>           v.                                                          19-3461

Carlson, Sergeant; Broome County Jail,
Connors, Correctional Officer; Broome
County Jail,

>           *Defendants-Appellees*,

Correctional Medical Care Inc., Medical Staff,
Dr. Boot, CMC,

>           *Defendants*.*

_____

---

\* The Clerk of Court is respectfully directed to amend the caption as above.

FOR PLAINTIFF-APPELLANT:                          Jerome M. Bell, pro se,
                                                  Glenville, WV.

FOR DEFENDANTS-APPELLEES:                          Jennifer L. Church, Assistant
                                                  Broome County Attorney II,
                                                  *for* Robert G. Behnke,
                                                  Broome County Attorney,
                                                  Binghamton, NY.

Appeal from an order of the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Jerome Bell, pro se and incarcerated, appeals from the district court's October 11, 2019 order denying his motion to reopen his 42 U.S.C. § 1983 action. On July 2, 2018, Bell sued two corrections officers, a doctor, and Correctional Medical Care, Inc. ("CMC"), asserting claims of excessive force and deliberate indifference to a serious medical need in violation of the Eighth and Fourteenth Amendments. The district court dismissed all claims against the doctor and CMC on November 15, 2018. On December 7, 2018, the remaining parties filed a stipulation of discontinuance agreeing to dismiss the action with prejudice. Accordingly, on December 11, 2018, the district court entered a stipulation and order of discontinuance dismissing the action with prejudice. Seven months later, Bell moved to reopen the action, claiming that he was coerced into dismissing it and that a non-party jail administrator made false promises to him that caused him to agree to dismiss the action. The district court construed the motion as requesting relief from a final order under either Federal Rule of Civil Procedure 60(b)(3) or (b)(6). The district court then denied the motion because Bell had not shown by clear and convincing evidence that

the defendants committed fraud, misrepresentation, or other misconduct, as necessary to warrant relief under Rule 60(b)(3), and had not demonstrated extraordinary circumstances warranting relief under Rule 60(b)(6). Bell timely appealed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's denial of a motion for relief from a final order under Federal Rule of Civil Procedure 60(b) for abuse of discretion. *Gomez v. City of New York*, 805 F.3d 419, 423 (2d Cir. 2015). "An abuse of discretion occurs when a district court bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or renders a decision that cannot be located within the range of permissible decisions." *Yukos Cap. S.A.R.L. v. Feldman*, 977 F.3d 216, 234 (2d Cir. 2020) (internal quotation marks omitted). "The appeal from the denial of a motion to vacate pursuant to Rule 60(b) brings up for review only the validity of that denial, not the merits of the underlying [order] itself." *In re Terrorist Attacks on Sept. 11, 2001*, 741 F.3d 353, 357 (2d Cir. 2013) (internal quotation marks omitted).

The district court did not abuse its discretion in denying Bell's motion to reopen his case, which he had agreed to dismiss seven months earlier.[1] Bell's letter requesting that the district court reopen his case did not specify the legal basis for his request. Instead, he asserted in his letter that he was coerced into signing the stipulation of discontinuance, and that he signed it based on false promises that a jail administrator (later identified by the defendants as Major Mark Smolinsky) made to him. Bell's request thus falls squarely within Federal Rule of Civil Procedure 60(b)(3), under which a district court may relieve a party from a final order based on "fraud . . . ,

---

[1] *See* Fed. R. Civ. P. 41(a) (allowing a plaintiff to dismiss an action by filing a stipulation of dismissal signed by all parties).

misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). We have held that "a Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations." *Fleming v. N.Y. Univ.*, 865 F.2d 478, 484 (2d Cir. 1989).

Here, Bell's motion did not adequately explain how he was "coerced" into dismissing his case. He did describe some of the alleged misrepresentations made to him, but he did not present any evidence that the misrepresentations were made to him by an opposing party. The only opposing parties in this case at the time it was dismissed were corrections officers Paul Carlson and Christopher Connors. Bell asserted that Smolinsky made misrepresentations to him that caused him to agree to dismiss his case, but did not assert that Smolinsky did so as an agent of defendants Carlson and Connors, nor that the defendants had any knowledge of, or involvement in, Smolinsky's alleged misconduct. Thus, the district court did not abuse its discretion in concluding that Bell had not shown by clear and convincing evidence that the defendants committed fraud, misrepresentation, or other misconduct as necessary to warrant relief under Rule 60(b)(3).[2]

---

[2] Because the grounds for relief asserted by Bell are specifically recognized in Rule 60(b)(3), we need not consider whether relief from the final order was warranted under Rule 60(b)(6), as we "treat a motion to vacate a prior judgment as having been made under [Rule 60(b)(6)] only if the other, more specific grounds for relief encompassed by [Rule 60(b)] are inapplicable." *Maduakolam v. Columbia Univ.*, 866 F.2d 53, 55 (2d Cir. 1989); *see also Metzler Inv. GmbH v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 143 (2d Cir. 2020) (stating that Rule 60(b)(6) is "properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)–(5) of the Rule" (internal quotation marks omitted)). In any event, even if we considered Bell's motion under Rule 60(b)(6) as it relates to his allegations of misconduct by third parties, Bell has failed to demonstrate "extraordinary circumstances" warranting relief from a final order.

\*                    \*                    \*

We have considered all of Bell's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court