*Papapietro v. Litton Loan Servicing, LP, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of May, two thousand twenty-two.

PRESENT:
>BARRINGTON D. PARKER,
>JOSEPH F. BIANCO,
>MYRNA PÉREZ,
>
>>*Circuit Judges.*

---

ANTHONY PAPAPIETRO,

>*Plaintiff-Appellant*,

v.

LITTON LOAN SERVICING, LP, OCWEN LOAN SERVICING, LLC, POPULAR MORTGAGE SERVICING, INC.

>*Defendants-Appellees.*<sup>*</sup>

20-1179 (L)
20-2807 (Con)

---

FOR PLAINTIFF-APPELLANT:           RALPH P. FRANCO, JR., Rosenberg Law Firm, Brooklyn, NY.

FOR DEFENDANTS-APPELLEES:           BRETT L. MESSINGER, (Brian J. Slipakoff, *on the brief*), Duane Morris LLP, New York,

---

<sup>*</sup> The Clerk of Court is respectfully directed to amend the caption as set forth above.

NY, *for* Litton Loan Servicing, LP, and Ocwen Loan Servicing, LLC.

MARTIN EISENBERG, Law Offices of Martin Eisenberg, White Plains, NY, *for* Popular Mortgage Servicing, Inc.

Consolidated appeals from multiple judgments and orders of the United States District Court for the Eastern District of New York (Townes, *J.*; Kuntz, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court are **AFFIRMED**.

In the lead appeal, plaintiff-appellant Anthony Papapietro—who submitted his brief *pro se* but was represented by counsel at oral argument—appeals the district court's judgment in favor of defendants-appellees, several mortgage servicing companies, on his claims that they violated state and federal law by, *inter alia*, assessing improper fees, charging Papapietro's escrow account for homeowner's insurance which he already paid, and not providing a loan modification. In granting summary judgment to defendants-appellees, the district court concluded that most of Papapietro's claims were time-barred and that his remaining claims were meritless. In the consolidated appeal, Papapietro appeals the district court's order denying reconsideration. We assume the parties' familiarity with the underlying facts and procedural history, to which we refer only as necessary to explain our decision to affirm.

We review a grant of summary judgment *de novo*, *Sousa v. Marquez*, 702 F.3d 124, 127 (2d Cir. 2012), and a denial of reconsideration for abuse of discretion, *Gomez v. City of New York*, 805 F.3d 419, 423 (2d Cir. 2015) (per curiam). "A district court is said to abuse its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the

evidence, or renders a decision that cannot be located within the range of permissible decisions." *Id.* (internal quotation marks and alteration omitted).

Upon review of the record and relevant case law, we conclude that the district court's grant of summary judgment was correct and that its denial of reconsideration was not an abuse of discretion. We affirm for substantially the same reasons stated by the district court in its orders dated November 10, 2014, March 31, 2020, and August 6, 2020.[1]

We have considered all of Papapietro's arguments and find them without merit. Accordingly, we **AFFIRM** the district court's judgment and order denying reconsideration.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] With respect to Papapietro's claim under Section 2609(a) of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2609(a), we conclude that any challenge to the district court's dismissal of that claim has been waived on appeal because Papapietro has failed to address the district court's reasoning in connection with its holding that there is no private right of action to bring such a claim, nor does he provide any citations to authorities or parts of the record to support his conclusory reference to Section 2609(a). *See* Fed. R. App. P. 28(a)(8)(A); *Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013) (holding challenge on appeal waived where *pro se* litigant only mentioned the substance of the district court's ruling "obliquely and in passing"); *accord Terry v. Incorporated Village of Patchogue*, 826 F.3d 631, 632–33 (2d Cir. 2016). Thus, we need not (and do not) address the district court's conclusion that no private cause of action exists under Section 2609(a).

3