21-2324-cv
*Farrar v. Danziger*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of October, two thousand twenty-two.

PRESENT:
> DENNIS JACOBS,
> JOSEPH F. BIANCO,
> STEVEN J. MENASHI,
> *Circuit Judges.*

---

Shanise Farrar, consul Inpropia persona, Sui Juris

  *Plaintiff-Appellant*,

   v.            21-2324-cv

Mitchell J. Danziger,

  *Defendant-Appellee.*\*

---

**FOR PLAINTIFF-APPELLANT:**   Shanise Farrar, *pro se*, Bronx, NY.

**FOR DEFENDANT-APPELLEE:**   No appearance.

---

\* The Clerk of Court is respectfully instructed to amend the caption to conform with the above.

Appeal from an order of the United States District Court for the Southern District of New York (Stanton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 20, 2021 order of the district court is **AFFIRMED**.

Shanise Farrar, appearing *pro se*, brings this action against Mitchell J. Danziger, the New York Supreme Court Justice who presided over a wrongful death action in which Farrar alleged that police officers wrongfully killed her 14-year-old son. Her allegations challenge Justice Danziger's conduct in that state court proceeding. On September 3, 2020, the district court *sua sponte* dismissed the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (iii), as frivolous and barred by absolute judicial immunity. The district court entered judgment of its *sua sponte* dismissal on that same date.

On December 2, 2020, Farrar filed a motion to "Vacate[,] Amend[,] Renew Claim at Law Restore R. 15 and R.60 R.542," and a "Notice of Supplemental Motion Reconsideration Brief," which challenged the district court's September 3, 2020 dismissal order. The district court ultimately denied her relief on August 20, 2021, explaining that it liberally construed "these submissions as a motion under Fed. R. Civ. P. 59(e) to alter or amend judgment and a motion under Local Civil Rule 6.3 for reconsideration, and, in the alternative, as a motion under Fed. R. Civ. P. 60(b) for relief from a judgment or order." App'x at 9. On September 17, 2021, Farrar filed a notice of appeal regarding only the denial of her motion for reconsideration. We assume the parties' familiarity with the underlying facts and procedural history of this case, to which we refer only as necessary to explain our decision to affirm.

We review the denial of post-judgment motions for abuse of discretion. *Gomez v. City of New York*, 805 F.3d 419, 423 (2d Cir. 2015). "A court may grant a Rule 59(e) motion only when the movant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020) (alteration, citation, and internal quotation marks omitted). Rule 60(b) motions seek "extraordinary judicial relief" and should be granted "only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986).

Farrar's motion for reconsideration appears to have been based on purported newly discovered evidence that Justice Danziger "lack[s] judicial credentials" and protected unidentified people who had attempted to "[i]njure" Farrar and "threaten, by intimidation." Appellant's Br. at 1. To prevail on a motion for relief from a judgment on the grounds of newly discovered evidence under either Rule 59(e) or Rule 60(b), Farrar needed to show, among other things, that there was newly discovered evidence, that she had been "justifiably ignorant" of the new facts "despite due diligence," and that the evidence was admissible and would have likely changed the outcome. *Metzler Inv. Gmbh*, 970 F.3d at 146–47 (citation omitted). As a threshold matter, Farrar has not explained why she did not raise these supplemental factual allegations regarding Justice Danziger's conduct in overseeing the case until the reconsideration motion. In any event, none of these additional allegations call into question Justice Danziger's protection by the doctrine of absolute judicial immunity, and Farrar has failed to articulate "manifest injustice" or "exceptional circumstances" that would support reconsideration of the dismissal order. In short, the district court did not abuse its discretion in denying the motion for reconsideration.

3

We have considered all of Farrar's arguments and find them to be without merit. Accordingly, we **AFFIRM** the August 20, 2021 order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court